```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


JOSEPH A. ADAMS,                )
                                )
          Plaintiff             )
                                )
          v.                    )   CIVIL NO. 2:10 cv 469
                                )
NORTHERN INDIANA PUBLIC SERVICE )
COMPANY,                        )
                                )
          Defendant             )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Consolidation Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 42.2 [DE 52] filed by the plaintiff, Joseph A. Adams, on December 7, 2011.  For the reasons set forth below, the motion is **DENIED**.

## Background

The plaintiff, Joseph Adams, filed a complaint against his employer, Northern Indiana Public Service Company (NIPSCO), on November 29, 2010, alleging:

> Count I, "Title VII of Civil Rights Act," for acts of racial discrimination;
>
> Count II, "Hostile Environment in Violation of Title VII," for racial harassment;
>
> Count III, "Violation of the ADA Amendments Act (ADAAA)," for "adverse employment decisions based on [Plaintiff's] actual or perceived disability";

> Count IV, "Hostile Environment in Violation
> of the ADA Amendments Act," for harassing
> conduct related to Plaintiff's "loss time
> injury" or on the basis of his perceived
> disability;
>
> Count V, "Intentional Infliction of Emotional
> Distress";
>
> Count VI, "Retaliation Under Title VII";
>
> Count VII, "Violation of 42 U.S.C. §1981,"
> also for racial discrimination;
>
> Count VIII, "Hostile Environment in Violation
> of Section 1981," also for racial harassment;
>
> Count IX, "Retaliation Under Section 1981,";
> and
>
> Count X, "Breach of Contract," allegedly
> committed by Defendant with respect to its
> collective-bargaining agreement with Plain-
> tiff's union.

Adams subsequently filed a complaint against his union, United Steel Workers Local 12775, alleging breach of the duty of fair representation. NIPSCO and Local 12775 filed a motion to dismiss in their respective cases. While the motions remained pending, Adams moved the court to consolidate the cases. The motion to consolidate was stayed pending ruling on the motions to dismiss. Judge Van Bokkelen entered an Opinion and Order in the present matter on April 13, 2012, dismissing Counts I, III, IV, and X. The motion to dismiss in the matter between Adams and Local 12775 was denied as moot. The motion to consolidate is now ripe.

## Discussion

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

The granting of consolidation is reviewed for an abuse of discretion. *Star Insurance Company v. Risk Marketing Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009); *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992); *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). Consolidation is preferred if it will promote judicial economy and efficiency without prejudice to the parties. *See Devlin v. Transportation Communications International Union*, 175 F.3d 121, 130 (2nd Cir. 1999); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 412–13 (6th Cir. 1998); *Cantrell v. GAF Corporation*, 999 F.2d 1007, 1010–11 (6th Cir. 1993). The court should consider "whether the risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, and the length of time required to conclude

multiple suits as against a single one, and the relative expense to all concerned." ***Arnold v. Eastern Airlines, Inc.***, 681 F.2d 186, 193 (4th Cir. 1982); ***Ikerd v. Lapworth,*** 435 F.2d 197, 204 (7th Cir. 1970); ***Van Patten v. Wright***, 2009 WL 1886010, *2 (E.D. Wis. 2009); ***Back v. Carter***, 933 F.Supp. 738, 748 (N.D. Ind. 1996). The burden is on the moving party to show that consolidation is appropriate in light of these concerns. ***Internet Law Library, Inc. v. South-ridge Capital Management, LLC***, 208 F.R.D. 59, 61 (S.D.N.Y. 2002).

Adams' complaint in this action and against Local 12775 raises allegations under Section 301 of the Labor Management Relations Act. Adams alleges that NIPSCO breached several provisions of the collective bargaining agreement and that Local 12775 breached its duty of fair representation. To prevail on both claims, Adams will need to establish both that NIPSCO breached the collective bargaining agreement and that the union breached its duty of fair representation. ***DelCostello v. International Brothers of Teamsters***, 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed. 476 (1983)("To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union")(*citing* ***United Parcel Service v. Mitchell***, 451 U.S. 56,

4

66-67, 101 S.Ct. 1559, 1565-66, 67 L.Ed.2d 732 (1981). Adams argues that because he will need to establish the same facts to prevail there are overlapping issues between the two cases.

However, on April 13, 2012, Judge Van Bokkelen entered an order dismissing Adams' claim against NIPSCO for breaching the collective bargaining agreement. The claims that remain pending against NIPSCO include race discrimination, intentional infliction of emotional distress, and retaliation under Title VII and 42 U.S.C. §1981. These claims are unrelated to the claim against Local 12775 for breach of the duty of good faith. Therefore, there no longer remains a common question of law or fact.

_____

Based on the foregoing, the Motion for Consolidation Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 42.2 [DE 52] filed by the plaintiff, Joseph A. Adams, on December 7, 2011, is **DENIED.**

ENTERED this 22nd day of June, 2012

                                               s/ ANDREW P. RODOVICH
                                                   United States Magistrate Judge