IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH A. ADAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:10-cv-469 |
| | ) |
| NORTHERN INDIANA PUBLIC | ) |
| SERVICE COMPANY, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Plaintiff's Request for Leave to File Proposed Amended Second Complaint. For the following reasons, the court STRIKES counts II & VIII from Adams' Second Amended Complaint.

*Background*

The plaintiff, Joseph A. Adams, filed his original complaint in November 2010. In April 2012, the district court dismissed four of Adams' ten claims, including that for breach of contract and for harassment and discrimination in violation of the Americans with Disabilities Act. In its Opinion and Order, the court first explained that Adams failed to exhaust his administrative remedy for a hostile work environment motivated by disability discrimination. The district court explained that Adams' ADA charge notified the agency that he faced adverse responses from his employer in relation to a 2005 shoulder injury and a 2006 finger injury and that he was transferred to a lower-paying job after his shoulder injury. The district court determined that Adams only alleged discrete acts of discrimination, not harassment, and that even with a very liberal reading, Adams did not state a plausible claim for harassment. The district court noted

1

that Adams did refer to harassing text messages following a 2008 knee injury but that he did not bring this to the attention of the EEOC and, therefore, failed to exhaust his administrative remedy.

Turning to his complaint of discrimination under the ADA, the district court first noted that Adams complained of his 2005 shoulder injury and jammed finger to the EEOC but that he did not mention his 2008 knee injury or shoulder surgery. Because the Americans With Disabilities Act Amendments Act (ADAAA) was not retroactive and Adams' injury arose prior to the enactment of the ADAAA, Adams' jammed finger had to be considered under the more stringent test of the ADA. The district court concluded that Adams' jammed finger was not a disability under the ADA because it was not a permanent or long-term injury.

Likewise, the district court applied the ADA to Adams' shoulder injury, finding that it too was not a disability under the ADA. The district court explained that Adams was limited to lifting no more than 15 pounds but that the inability to lift more was not a major life activity. Adams also was unable to use a jackhammer, but to qualify as a major life activity, the restriction had to be in an activity that was central to most people's daily lives, and the ability to use a jackhammer did not qualify. The district court further explained that NIPSCO did not regard Adams as being limited in the major life activity of work because Adams admitted in his complaint that NIPSCO believed that he was fit for light-duty work in his existing department, and therefore did not regard him as being unable to perform the major life activity of working.

The district court also dismissed Adams' claim for breach of contract as untimely. Adams' claim was a hybrid claim resting on § 301 of the Labor Management Relations Act and was not filed within six months of the alleged acts.

Following this ruling, Adams filed a motion to reconsider. The district court denied the motion but stated that Adams could file an amended complaint. Adams did so on April 17, 2013. NIPSCO responded by filing a memorandum in opposition to the second amended complaint on May 1, 2013. NIPSCO asserts that Adams included a claim for breach of contract that was verbatim of the claim the district court already had dismissed and that Adams cannot overcome his failure to comply with the statute of limitations as it applies to his claim under the ADA. NIPSCO further asserts that Adams has failed to state a claim under the ADA and that permitting the amendment would be futile.

*Discussion*

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Because pleadings merely serve to put the opposing side on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** ***Jackson v. Rockford Housing Authority***, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" ***Winters v. Fru‒Con, Inc***., 498 F.3d 734, 741 (7th Cir. 2007) (quoting ***Butts v. Aurora Health Care, Inc***., 387 F.3d 921, 925 (7th Cir. 2004)); ***Ajayi v. Aramark Business Services***, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc." ***Foman***, 371 U.S. at 182, 83 S. Ct. at 230; ***Gandhi v. Sitara Capital Management***, 721 F.3d 865, 868-869 (7th Cir. 2013). Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule 12(b)(6), unless a summary judgment motion is pending, permitting futility to be shown with reference to the entire summary judgment record. ***Peoples v. Sebring Capital Corp.***, 209 F.R.D. 428, 430 (N.D. Ill. 2002) (*quoting* ***Bethany Pharamacal Company v. QVC, Inc***., 241 F.3d 854, 860 (7th Cir. 2001); *see also* ***Gandhi***, 721 F.3d at 869 (explaining that proposed fourth amended complaint contained inadequacies and did not properly plead fraud claims); ***King ex rel. King v. East St. Louis School District 189***, 496 F.3d 812, 819 (7th Cir. 2007)(deciding motion to amend at summary judgment and stating that "[a]n amendment is futile if the amended complaint would not survive a motion for summary judgment."). If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. *See* Wright & Miller, 6 Federal Practice & Procedure § 1487, at 637-642 (2d ed. 1990)("If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.").

Adams already has agreed to strike his claim for breach of contract "[i]f the court determines the lack of need to reassert the claim for purposes of preservation". (Pl.'s Br. P. 3) Because the court already has dismissed this claim, and Adams included the claim verbatim, it would be futile to permit the claim to stand.

This leaves only Adams' claim for disability discrimination. As the district court already has explained, Adams did not exhaust his administrative remedies with regard to any claim concerning harassment based on disability. The document filed with the EEOC and attached as an exhibit to his complaint makes no mention of this claim. This leaves only his claims for

discrete acts of discrimination. Adams argues that he alleged additional acts of discrimination in his second amended complaint, referring the court to paragraphs 255-266 and 328-336. Here, Adams first stated that while he was working in the meter reading department, he encountered a non-minority employee who had an illness and had exhausted her sick leave but was allowed to return to work on light duty. He also alleged that two other employees were allowed to return to work before they were 100% recovered. Later, he alleged that NIPSCO and his union entered into a settlement in 2009 that included a provision for NIPSCO to reassess whether he was qualified for any of the positions it previously determined he was not qualified to perform. However, NIPSCO never performed the individual assessment and insisted on 100% recovery before Adams could return to his prior position.

It is not apparent how any of these additional allegations correct the errors the court identified in its Opinion and Order on NIPSCO's motion to dismiss. Paragraphs 255-266 may be relevant to Adams' complaint of discrimination because they allege facts that show that similarly situated employees were treated more favorably. However, Adams first must show that he was disabled within the meaning of the ADA before the treatment of other employees becomes relevant to the court's analysis. *See* **Hoffman v. Caterpillar, Inc**., 256 F.3d 568, 572 (7th Cir. 2001) (explaining that the plaintiff may show discrimination using the direct or indirect method of proof after he has established that he is a qualified individual with a disability as defined by the ADA). These additional facts do not demonstrate any adverse employment action that Adams suffered and do not support the application of the ADAAA. As the district court previously explained, Adams' complaint did not satisfy the pleading requirements under the ADA because he failed to allege either that he was limited in a major life activity or was regarded as such. The manner in which NIPSCO treated other employees does not show that it

5

regarded Adams as limited in a major life activity. In fact, it says nothing of NIPSCO's treatment of Adams. Adams again falls short of demonstrating that he was disabled within the meaning of the ADA.

Adams also has alleged that NIPSCO never performed an individual assessment of his ability to perform work that he previously was disqualified for as NIPSCO agreed it would do in 2009. This is not a continuing violation that would bring his claim under the ADAAA. Rather, the discrete discriminatory act occurred in 2009 when NIPSCO failed to accommodate his disability. *See **Teague v. Northwestern Memorial Hospital**,* 492 Fed. Appx. 680, 684 (7th Cir. 2012) (explaining that a failure to accommodate is a discrete act and not an ongoing omission). Because the discriminatory act occurred prior to the amendments to the ADA, as the district court explained in its Opinion and Order, to succeed Adams must allege either that he was limited in a major life activity or regarded as such. His additional allegations in his second amended complaint do not provide any further explanation of how he was so regarded. In fact, Adams' second amended complaint continues to allege that NIPSCO believed that he was able to perform light work.

In any case, Adams did not raise in his complaint with the EEOC that NIPSCO did not perform an individual assessment or that it did not allow him to bid for jobs outside the category of meter reader. His EEOC charge centers around NIPSCO's failure to make special arrangements and accommodate his disability and does not mention either the agreement to re-evaluate Adams' abilities to perform jobs for which he previously was disqualified or NIPSCO's reluctance to allow him to bid for jobs outside of meter reader. These actions are independent of NIPSCO's failure to make accommodations for Adams disabilities and should have been pleaded separately in the EEOC charge. Adams' failure to raise either of these complaints with the

EEOC is fatal to his complaint.  Adams did not exhaust his administrative remedies and therefore cannot proceed on these claims.

Allowing Adams to amend his complaint to include both his breach of contract and ADA claim would be futile.  Neither claim can withstand a motion to dismiss, as the district court previously decided.  Adams has not fixed the shortcomings identified in the Opinion and Order on NIPSCO's motion to dismiss.  For these reasons, the court STRIKES counts II & VIII from Adams' Second Amended Complaint.

ENTERED this 27th day of August, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge