UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH A. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 2:10-cv-469 |
| | ) |
| NORTHERN INDIANA PUBLIC | ) |
| SERVICE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel Completion of Plaintiff's Deposition and Overdue Discovery Responses [DE 89] filed by the defendant, Northern Indiana Public Service Company, on November 14, 2014. For the following reasons, the motion is **GRANTED in Part and DENIED in Part**.

*Background*

The plaintiff, Joseph A. Adams, initiated this matter on November 29, 2010. On August 20, 2014, the court set a fact discovery deadline of February 27, 2015 and a discovery deadline of July 31, 2015. The defendant, Northern Indiana Public Service Company, served Requests for Production and Interrogatories on Adams on August 27, 2014. Adams' responses were due on September 29, 2014, but he did not respond timely and indicated he would respond before his scheduled deposition. On October 13, 2014, the parties started a deposition of Adams.

At the deposition, Adams hand-delivered responses to Interrogatories that were labeled "Draft." NIPSCO also claimed that Adams hand-delivered a pile of documents and did not provide responses to Requests for Production. Adams indicated he did not hand-deliver a pile of documents at the start of the deposition. Rather, he stated he provided a production log with

labeled exhibits, which responded to NIPSCO's Request for Production of documents. Additionally, he claimed he delivered the documents on October 10, 2014 before leaving around 12:30 p.m. However, NIPSCO claimed that Adams still has not complied with the Request for Production of Documents.

The parties agreed to waive the one-day rule of Rule 30 and to complete the deposition on November 18, 2014. NIPSCO claimed the parties did not complete the deposition because it had not reviewed the documents that Adams presented that day, Adams had not served responses to Interrogatories or Requests for Production, and Adams' counsel expressed intent to cross-examine her client at length.

On October 20, 2014, NIPSCO formally noticed the continuation of Adams' deposition for November 18, 2014. The following day Adams advised NIPSCO that he would not appear on November 18, 2014 to continue his deposition. He indicated he needed to issue his own discovery before completing the deposition. NIPSCO responded that issuing discovery would be irrelevant to Adams' ability to testify because the issues regarded his own personal knowledge.

NIPSCO also requested Adams to execute a HIPAA-compliant release to allow it to obtain relevant medical records. After NIPSCO filed its motion to compel, Adams executed a HIPAA release and provided it to NIPSCO. Therefore, NIPSCO indicated the request to compel Adams to execute a HIPPA release is moot. Additionally, NIPSCO stated that Adams provided responses to the pending Interrogatories. Although NIPSCO claimed the responses are deficient, it indicated it will confer with Adams to resolve the dispute without court intervention.

Shortly after the deposition, Adams attempted to obtain his personnel file and payroll documents from NIPSCO's human resources department. The department advised it could not provide the payroll documents because the requested documents were too extensive and that

Adams could review his personnel file only in the presence of NIPSCO employees.  In his Response, Adams claimed he needed NIPSCO's Rule 26(a) disclosure to tailor properly his discovery and requested the court to order NIPSCO to provide its Rule 26(a) disclosure.  In its Reply Brief, NIPSCO indicated that it provided its Rule 26(a) disclosure but requested that the court order Adams to provide his initial disclosure as well.

On November 26, 2014, Adams' counsel was involved in a car accident that required her to receive medical care.  She indicated that she could not prepare Adams to complete his deposition for the week of December 1, 2014.  NIPSCO indicated it was not aware of Adams' counsel's accident and that it does not object to postponing Adams' deposition until opposing counsel has recovered.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**.  For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)).  Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see Adams v. Target*, 2001 WL 987853, at *1 (S.D. Ind.

3

July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th

Cir. 2002)) (internal quotations and citations omitted); see **Hunt v. DaVita, Inc.**, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

First, NIPSCO requested that the court compel Adams to complete his deposition on January 8 or 9, 2015. The parties started Adams' deposition on October 13, 2014. Initially, the parties agreed to waive the one-day rule of Rule 30 to complete Adams' deposition and to finish his deposition on November 18, 2014. However, Adams objected to completing his deposition until he serves written discovery on NIPSCO and receives a response. Under Rule 26(d)(2)(A) and (B), "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery." NIPSCO does not need to wait for Adams to issue written discovery to complete Adams' deposition because discovery may be completed in any sequence. Additionally, Adams' failure to issue written discovery does not allow him to delay NIPSCO's discovery. Furthermore, the deposition issues revolved around Adams' personal knowledge, so any written discovery from NIPSCO is irrelevant to Adams' deposition. Noting that Adams' counsel was involved in a car accident that required medical treatment, the court will not order Adams to appear on a specific date at this time. However, Adams is **ORDERED** to complete his deposition as soon as possible once his counsel is able to proceed.

Second, NIPSCO requested the court to order Adams to respond to Interrogatories served on August 27, 2014. Adams' responses to the Interrogatories were due on September 29, 2014, but he failed to respond timely. NIPSCO claimed that Adams provided responses labeled "Draft" on October 13, 2014. However, it claimed that the responses were incomplete and insufficient. In its Reply Brief, NIPSCO indicated that Adams served Responses to Interrogatories after it filed this motion to compel and that this request is now moot. Although

5

NIPSCO claimed the latest responses are deficient, it stated it will attempt to remedy the deficiencies without court intervention. Therefore, the court **DENIES** NIPSCO's request to compel Adams to respond to Interrogatories as **MOOT**.

Third, NIPSCO requested the court to compel Adams to respond to a Request for Production of Documents served on August 27, 2014. Although Adams' response was due on September 29, 2014, he did not respond timely. NIPSCO claimed that Adams provided a pile of documents on October 13, 2014, the morning they initiated Adams' deposition. However, Adams stated the "pile of documents" was a production log labeled with exhibits that responded to NIPSCO's Request for Production. In its Reply Brief, NIPSCO alleged that Adams had not responded to the Request for Production of Documents and requested the court to order Adams to produce the requested documents within seven days of this order. Although Adams claimed that he at least partially responded to the Request for Production, the court finds that Adams has not fully responded to the Request for Production of Documents. Therefore, Adams is **ORDERED** to respond to the Request for Production of Documents served on August 27, 2014 within seven days of this order.

Fourth, NIPSCO requested the court to order Adams to provide a signed HIPPA-compliant release for medical records. Adams agreed to provide a signed HIPPA-compliant release to NIPSCO and when NIPSCO filed its motion to compel, he had not complied. However, NIPSCO indicated in its Reply Brief that Adams has provided a signed HIPPA-compliant release. Therefore, the court **DENIES** this request as **MOOT**.

In his Response Brief, Adams requested the court to order NIPSCO to provide discovery disclosures pursuant to Rule 26(a). NIPSCO indicated it had not provided any disclosures pursuant to Rule 26(a) because the court had not set a deadline to exchange initial disclosures

and Adams had not requested the disclosures previously. NIPSCO has since provided its initial disclosures and attached them as an exhibit. Additionally, it indicated it will produce the described documents to Adams before the second day of his deposition. Under N.D. Ind. L.R. 7-1(a), motions must be filed separately. Adams has not filed this request in a separate motion. Therefore, the court **DENIES** Adams' request **without PREJUDICE**.

Upon serving its initial disclosures under Rule 26(a) and in its Reply Brief, NIPSCO requested the court to order Adams to provide his initial disclosure before the second day of his deposition. Under N.D. Ind. L.R. 7-1(a), motions must be filed separately. NIPSCO did not file this request for relief in a separate motion but included it within its Reply Brief. Therefore, the request to order Adams to provide NIPSCO with his initial disclosure is **DENIED without PREJUDICE**.

Based on the foregoing reasons, the Motion to Compel Completion of Plaintiff's Deposition and Overdue Discovery Responses [DE 89] is **GRANTED in part and DENIED in part**.

ENTERED this 12th day of January, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge