UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH A. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:10-cv-469 |
| | ) |
| NORTHERN INDIANA PUBLIC | ) |
| SERVICE COMPANY, | ) |
| | ) |
| Defendant, | ) |

**OPINION AND ORDER**

This matter is before the court on the Verified Motion to Re-open Fact Discovery [DE 101] filed by the plaintiff, Joseph Adams, on June 2, 2015. For the following reasons, the motion is **DENIED**.

*Background*

The plaintiff, Joseph Adams, initiated this employment discrimination matter on November 29, 2010. After multiple amended pleadings and a partial dismissal, this court, on August 20, 2014, set an initial fact discovery deadline of February 27, 2015 and a discovery deadline of July 31, 2015. On February 19, 2015, the parties agreed and this court ordered an extension of the fact discovery deadline to May 25, 2015. When the parties agreed to extend the fact discovery deadline, Adams indicated that his counsel was in an automobile accident, which prevented him from meeting the discovery deadline. One week after the close of fact discovery, Adams has requested the court to reopen fact discovery and to extend the discovery deadline.

*Discussion*

Federal Rule of Civil Procedure 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. *See* **Campania Mgmt. Co., Inc.**

*v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002); *Briesacher v. AMG Res., Inc.*, 2005 WL 2105908, at *2 (N.D. Ind. Aug. 31, 2005). Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

A court may grant a motion filed after a deadline only if "the party failed to act because of excusable neglect." **Federal Rule of Civil Procedure 6(b)(1)(B)**; *see Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) ("[A] motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'") (citation omitted). An excusable neglect determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993); *see Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). When evaluating a claim of excusable neglect, courts should consider the danger of prejudice, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. Thin and unsupported excuses do not demonstrate excusable neglect. *Lapsley v. Fries*, 2012 WL 2721909, at *4 (N.D. Ind. July 9, 2012). "[I]t is widely accepted that neglect due to a busy schedule is not excusable." *Harrington v. City of Chi.*, 433 F.3d 542, 548 (7th Cir. 2006).

Adams has presented two reasons to reopen fact discovery and to extend the discovery deadline. First, he has indicated that the defendant, Northern Indiana Public Service Company, disclosed over 1,000 pages of discovery, which required extensive time to review. However, NIPSCO produced those documents on February 6, 2015, nearly four months before the fact discovery deadline. Second, he has cited his counsel's ongoing medical treatment.

Adams' counsel was involved in an automobile accident in November 2014. During January and early February 2015, his counsel's treating physician limited her to three hours of computer work per day, which delayed many of her cases. Despite some medical setbacks, she completed treatment from the accident on February 27, 2015. During March and April 2015, she attended to a backlog of legal work, including discovery in this matter.

On May 12, 2015, Adams' counsel sustained a second injury, which required oral surgery and additional treatment on May 19, 20, and 26, 2015. She noted that the medical treatment limited her ability to work. However, she indicated that she responded to an emergency motion in a family law case and attended a hearing on that matter between May 12 and 26, 2015. Since filing this motion, Adams' counsel prepared and served discovery on June 15, 2015.

Adams has argued that he demonstrated excusable neglect because of his counsel's medical emergency in May 2015, his counsel's emergency motion and hearing in a family law case, and the amount of discovery. Additionally, he has claimed that he has made good faith efforts to meet the court's deadline and to respond to discovery requests. Moreover, he noted that he should not be penalized for his counsel's failings, that he has demonstrated the merit of his case, and that the extension will allow him to seek necessary discovery.

NIPSCO has argued that Adams has not demonstrated good cause or excusable neglect. It noted that Adams failed to serve discovery before the deadline and that he had ample time to request an extension after his counsel was released from medical care in February 2015. It indicated that Adams cannot rely on a backlog of legal work such as reviewing NIPSCO's discovery disclosure. Furthermore, it argued that Adams' counsel did not demonstrate that she was physically incapable of complying with the fact discovery deadline.

Adams has not demonstrated good cause or excusable neglect based on the need to

review NIPSCO's discovery disclosure. A busy schedule, such as reviewing 1,000 pages of discovery, is insufficient for excusable neglect. Additionally, the circumstances surrounding Adams' counsel's car accident are insufficient because she was released from medical treatment in February 2015, three months before the fact discovery deadline.

A medical emergency could cause excusable neglect. *See **Dickerson v. Bd. of Educ. of Ford Heights, Ill.***, 32 F.3d 1114, 1118 (7th Cir. 1994). However, counsel must demonstrate that the emergency prevented her from filing a request for an extension of time. *See **Keeton v. Morningstar, Inc.***, 667 F.3d 877, 883 (7th Cir. 2012) ("Although a medical emergency could cause excusable neglect, counsel failed to demonstrate that his illness was of such a magnitude that he could not, at a minimum, request an extension of time to file his response."). Although Adams' counsel had a medical emergency in May 2015, she has not demonstrated that it prevented her from requesting an extension of time or performing legal work. Rather, she indicated that she filed a motion and prepared for and attended a hearing in a family law case between May 12 and May 26, 2015. Therefore, she did not demonstrate that she could not file a request for an extension but that she prioritized her family law case over this and other pending matters. *See **Harrington.***, 433 F.3d at 548 ("[I]t is widely accepted that neglect due to a busy schedule is not excusable.").

Adams has argued that reopening discovery would not prejudice NIPSCO. However, in his reply brief, Adams requested a two month extension of fact discovery and a three month extension of the discovery deadline. Therefore, reopening discovery would force NIPSCO to defend this nearly five year old case for an additional three months. Additionally, NIPSCO has indicated that Adams failed to initiate any discovery before the deadline, despite indicating that he could complete discovery within the current deadlines in the first discovery extension request

4

in February 2015.  Therefore, Adams has not even demonstrated good cause to extend the deadlines, because he has failed to indicate any diligence in meeting the current deadlines.

Furthermore, reopening discovery would further delay dispositive motions.  Although the court has not set a dispositive motion deadline, it ordered the parties to disclose their intentions to file a summary judgment motion within seven days on May 29, 2015.  On June 2, 2015, the day Adams requested the court to reopen discovery, NIPSCO indicated its intention to file a summary judgment motion.  Therefore, the court was ready to proceed with dispositive motions before Adams made his instant request.

Considering the totality of the circumstances, Adams has not demonstrated excusable neglect to reopen discovery.  Despite having a medical emergency outside of her control, Adams' counsel did not demonstrate that it prevented her from, at a minimum, requesting an extension of time.  Rather, she demonstrated that she could perform legal work by prioritizing a family law case over other pending matters.  Additionally, Adams failed to initiate any discovery before the deadline and reopening discovery would further delay dispositive motion pleadings.

Based on the foregoing reasons, the Motion for Extension of the Discovery Deadline is **DENIED**.

ENTERED this 7th day of August, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge